IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 4:04-cr-32-RH-AK

KEARNEY W. POOL,

Defendant.
_____________________________/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 26, Motion to Vacate under 28 U.S.C. § 2255, and Doc. 27, Supporting Memorandum, by Kearney W. Pool.[1] Defendant is represented by counsel. The Government has filed its response, Doc. 30, and Defendant has filed a reply. Doc. 31. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

**BACKGROUND**

Defendant pled guilty to a one-count Information for embezzlement in connection with health care, in violation of 18 U.S.C. § 669. Sentencing occurred on December 2, 2004, after being continued twice from the original August, 2004, setting--once, to allow "additional time to prepare...to completely address several issued including, but limited to, restitution and sentencing guidelines," Doc. 15, and once, to allow Defendant time "to transfer out of state real

---

[1]This cause was administratively reassigned to the undersigned on September 7, 2007.

estate, which is currently held in an IRA, as part of his restitution." Doc. 17. Defendant was sentenced to 30 months imprisonment and 3 years of supervised release and ordered to pay $250,000 in restitution. Doc. 20. He did not appeal his sentence, and he was released from prison on May 4, 2007. *See* www.bop.gov. The expiration of his sentence does not, however, moot this proceeding, as he remains "in custody" within the meaning of § 2255 since he is still subject to supervised release. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

At the time of Defendant's sentencing, the Eleventh Circuit had held that *Blakely* did not apply to the Sentencing Guidelines, and the district courts had been specifically directed to "continue to sentence pursuant to the Guidelines until such time as the Supreme Court rules on this issue." *United States v. Reese*, 382 F.3d 1308, 1312, 1312 n.2 (11th Cir. 2004); *see also United States v. Duncan*, 381 F.3d 1070 (11th Cir. 2004). However, the Supreme Court had held oral argument in *United States v. Booker* on October 4, 2004, and the decision recognizing the discretionary nature of the Guidelines was rendered on January 12, 2005. *Booker*, 543 U.S. 220 (2005).

Defendant now complains that trial counsel "did not conduct any significant legal research into how the *Blakely* decision...applied to his sentencing proceedings" or "regarding the pending Supreme Court decisions in *Booker* and *Fanfan*." Doc. 26. He also complains that counsel "did not conduct any significant discussion with [him] about how the *Blakely* decision...applied to the instant sentencing" or "regarding pending announcements from the Supreme Court in *Booker* and *Fanfan*." *Id*. He concluded that if counsel had sought "one additional continuance of the sentencing, if even for thirty more days, after considering the strategy of awaiting pending Supreme Court guidance, this Court may have allowed sentencing

in January 2005–within ten days of the Supreme Court's *Booker* pronouncements, and with time left to seek sentencing re-consideration or to take a timely appeal." *Id*. In that event, Defendant "would likely have reaped some benefit...under a discretionary Guidelines sentencing regime." *Id*. In particular, Defendant argues that under a discretionary sentencing system, he could have pressed certain arguments that were foreclosed under a mandatory system, e.g., "extraordinary family circumstances...extraordinary acceptance of responsibility...and diminished capacity...because of diagnosed depression." *Id*. Defendant acknowledges that each of these "hypotheticals presupposes" the granting of a continuance, but because counsel did not seek one, "we can never know whether Mr. Pool would have been allowed that grace, but he has no reason to believe this Court would have rejected such an application in this case." *Id*. In Defendant's view, counsel's acts and omissions unduly prejudiced his "rights regarding voluntary waiver of Fifth and Sixth Amendment rights and his ability to present evidence of his clarifying rights under *Blakely*." Further, if counsel had sought the continuance of sentencing or "made an informed tactical decision in the matter," then Defendant would have had "additional appellate alternatives to seek a fair sentence...." *Id*.

He asks the Court to declare the remainder of his sentence "unlawful and void" and to discharge him from confinement. As noted previously, Defendant was released from prison almost one year ago, and the only portion of his sentence remaining to be fulfilled is supervised release.

Having carefully considered the matter, the Court finds that the motion is absolutely meritless and hangs on a series of suppositions which do not meet the requirements of *Strickland*. First, there is nothing in the record to suggest that even if counsel had sought a third

continuance, the Court would have granted it. The Court had been specifically directed by the Eleventh Circuit to continue sentencing as if *Blakely* did not apply to the Sentencing Guidelines. There was no guarantee of when the Supreme Court would issue its *Booker* decision, and it is just as likely that it could have come at the end of the term in June, 2005, as when it did, and the Court absolutely does not continue sentencings ad infinitum. The sentencing in this case had been rescheduled twice from its original setting, and the Presentence Report had been completed and objections had been filed thereto. While there is a possibility that the Court would have granted a third continuance, the Court is not convinced that there is not a reasonable probability that it would have granted even an additional thirty-day continuance. Even if counsel had requested a third continuance, and even if the Court had granted it, there was, as the Court noted, no timetable for the issuance of the *Booker* decision beyond the fact that everyone knew it would be issued no later than June 30, 2005, when the Supreme Court term ended. Thus, even at the end of another thirty days, counsel might not have had the *Booker* decision in hand, and the Court would, in accordance with clear directions from the Eleventh Circuit, still have been required to sentence Defendant without consideration of *Blakely*.

As it stood, Defendant was sentenced to 30 months, seven months below the low end of the Guidelines sentence of 37-46 months. In fashioning that sentence, the Court specifically "started with the guidelines range" and then "considered all of the factors relevant to sentencing...set forth in Title 18, United States Code, Section 3553," before downwardly departing from the Guidelines range based on "extraordinary restitution." Doc. 30, Ex. 3 at 31. The Court stated that without Defendant's restitution efforts, he would have been sentenced to the middle of the Guidelines range, or approximately 41 months; however, in recognition that

Defendant had "gone to extraordinary lengths" to make restitution "out of remorse and a sincere sense of responsibility and a sincere desire to make it right," the sentence was "11 months shorter than it would have been." *Id*. at 32-33 & 36. In imposing sentence, the Court also recognized Defendant's "family obligations," but while family circumstances "are a factor that can be taken into account," they "don't indicate in this case that there should not be a significant prison sentence." *Id*. at 36. In setting the terms of supervision, he ordered participation in a program of mental health treatment as directed by the supervising officer. *Id*. at 37.

Thus, although Defendant claims that application of the Guidelines as mandatory prevented him from arguing for a lesser sentence, it is clear from the transcript that the Court did in fact consider (1) Defendant's family circumstances, which it found to be typical and therefore not justifying of a further reduction, (2) his acceptance of responsibility, which resulted in a three-point adjustment for acceptance of responsibility and a sentence below the Guidelines range, and (3) his mental health issues, for which the Court suggested post-release treatment and which could have been argued as grounds for departure before *Booker* under the Guidelines. *See* U.S.S.G. § 5K2.13 (sentence below guideline range may be warranted if defendant committed offense while suffering from significantly reduced mental capacity).

Furthermore, counsel has stated that he did in fact consider the ramifications of a decision in *Booker* making the Guidelines advisory only. Doc. 30, Ex. 1. According to counsel, he feared that if the Court were given total discretion in sentencing, then because of the amount of loss and the abuse of trust in this case, Defendant "might receive a sentence greater than that called for by the high end of the Guidelines range." *Id*. Therefore, he determined that it was in Defendant's best interest to go forward with sentencing where his exposure would be capped at

46 months and argue for departure, a strategy which he discussed with Defendant. *Id*.

Defendant does not deny that counsel discussed this strategy with him but claims that he did not knowingly waive his right to request the third continuance pending a decision in *Booker* because he did not understand "the gamble he waived off, but rather only concurred that he would like to be finished with this matter." Doc. 31. The Court believes that the analysis comes back around to the same issues of supposition, however, for even if counsel had sought the continuance, and even if the Court had granted it, there was no guarantee of when *Booker* would be decided or how it would be decided, and counsel's suggestion that the decision was imminent at the time of Defendant's sentencing is, unless instant counsel has an undisclosed hotline to the Supreme Court, another matter of supposition. But even then, with all things panning out in Defendant's favor, the question remains whether there is a reasonable probability that the Court would have sentenced Defendant any differently than it did. That question is answered in the negative, as there is nothing in the record to suggest that the Court felt constrained to impose a mandatory Guidelines sentence, and indeed, the fact that the Court departed downwardly plainly indicates the contrary. Counsel's decision to forego a third request for continuance was absolutely reasonable in light of the circumstances, as there were no guarantees that a gamble in the other direction would have paid off, and in fact, it could have worked substantially to Defendant's detriment.

**CONCLUSION**

Having carefully considered the matter, the Court finds that counsel's decisions in this case did not violate *Strickland*, and thus, Defendant did not receive ineffective assistance of counsel. In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion

to vacate, Doc. 26, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this ***10th*** day of March, 2008.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**