IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:04cr32-RH/AK

KEARNEY W. POOL,

    Defendant.

_____/

## ORDER DENYING § 2255 MOTION

This matter is before the court on the magistrate judge's report and recommendation (document 35), to which no objections have been filed.

The report and recommendation is correct and is adopted as the opinion of the court with this additional note.

Defendant pled guilty and was sentenced to 30 months in prison, a downward departure from the guideline range of 37 to 46 months. Defendant now asserts ineffective assistance of counsel in failing to obtain a better result. Defendant's assertion is that his attorney could have sought a continuance until after the decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and that a post-*Booker* sentence might have been lower.

The report and recommendation concludes that the claim rests on a series of speculations and that defendant has not established that his attorney was ineffective. That is correct.

In addition, it is even more clear—especially to me as the sentencing judge—that a post-*Booker* sentence would have been exactly the same as the sentence actually imposed. The Statement of Reasons entered in support of the Judgment imposing the sentence made this clear beyond any question.

A background explanation is in order. After the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), I concluded that the mandatory federal sentencing guidelines were unconstitutional but that the guidelines could and should be considered on an advisory basis—precisely the result that the Supreme Court later reached in *Booker*. *See United States v. McKinney*, 339 F. Supp. 2d 1314 (N.D. Fla. 2004). Shortly after I so ruled, however, the Eleventh Circuit held that *Blakely* did not affect the federal guidelines. *See United States v. Reese*, 382 F.3d 1308 (11th Cir.2004).

After *Reese*, I of course went back to imposing sentences under the mandatory guidelines. My consistent practice, however, was to determine not only the sentence to be imposed under the mandatory guidelines, but also to announce whether the same sentence would have been imposed if the guidelines were only

advisory. Having anticipated the possibility that the guidelines would be deemed advisory (as set forth in *McKinney*), my goal was to avoid unnecessary remands.

Thus, for example, after *Reese* but before *Booker*, I imposed the sentence that the Eleventh Circuit affirmed in *United States v. Pratt*, 438 F.3d 1264 (11th Cir. 2006). I announced on the record of the sentencing hearing that the sentence as imposed under the mandatory guidelines (as required by *Reese*) would have been the same even if the guidelines were deemed advisory. *Id.* at 1268 & 1271. The Eleventh Circuit affirmed the sentence based on this statement, even though *Booker* had been decided in the interim. *Id.* at 1271-72; *see also id.* at 1268 ("During the sentencing hearing, which occurred while the Supreme Court was considering *Booker*, the district court judge presciently stated that he would impose the same sentence if the Guidelines were advisory."). This also happened in many other cases in which I imposed sentences after *Reese* but before *Booker*.

In *United States v. Mango*, 154 Fed. Appx. 165 (11th Cir. 2005), in contrast, another case reviewing a sentence that I imposed after *Reese* but before *Booker*, I announced at the time of sentencing that I had not determined that the sentence under the mandatory guidelines would be unchanged if the guidelines were deemed advisory, thus making clear that, if in *Booker* the guidelines were held not mandatory, the sentence would appropriately have to be vacated. *Id.* at 168. (I did

not announce that the sentence *would* be lower, because I thought it inadvisable to suggest to the defendant that I thought the sentence as actually imposed was too long.) The Eleventh Circuit vacated the sentence and remanded for resentencing based on *Booker*. I imposed a lower sentence.

In the case at bar, I was equally aware of the pendency of *Booker*. But I was already departing, based on defendant's extraordinary restitution. Such a departure was very unusual for me—probably the only departure I have ever made on this basis. Had the guidelines been advisory rather than mandatory, the sentence would have been the same. And I explicitly said this in the Statement of Reasons entered simultaneously with the judgment. The Statement of Reasons said, "This is the same sentence that would be imposed even if the federal sentencing guidelines were held non-binding as a result of Blakely v. Washington, 124 S. Ct. 2431 (2004)."[1]

In short, even had the sentencing been continued until after the decision in *Booker*, a lower sentence would not have been entered. And if the sentence were now vacated and we started all over again today, I still would not impose a lower

---

[1] Because of a procedural glitch in the clerk's office, for a short period Statement of Reasons forms in this district were not docketed but were instead maintained in probation office files. The sentencing in the case at bar occurred during that period. I have reviewed the Statement of Reasons form from the probation files, which will now be docketed (as should have occurred at the time).

sentence.

One other point deserves mention. At the time of sentencing, defendant's attorney apparently was concerned that trying to have the guidelines held non-binding might not have been a good thing for the defendant, because I might have imposed a sentence above the guideline range, rather than below the range. This was not a baseless concern. But for the extraordinary restitution, this sentence would not have been below the guideline range.

In short, defendant's attorney was not ineffective. To the contrary, he was very effective, obtaining for his client a very favorable outcome.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED. The clerk shall enter judgment stating, "Defendant's motion for relief under 28 U.S.C. § 2255 (document 26) is DENIED WITH PREJUDICE." The clerk shall close the file.

2. The clerk shall docket the Statement of Reasons form as originally signed on December 11, 2004.

SO ORDERED this 26th day of April, 2008.

                                                           s/Robert L. Hinkle
                                                           Chief United States District Judge